**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 19 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

RHOADES OIL COMPANY,

    Plaintiff-Appellee,

v.

UNITED STATES OF AMERICA,

    Defendant-Appellant.

No. 96-5101

(D.C. No. 93-C-0036-B)
(N.D. Okla.)

ORDER AND JUDGMENT*

Before BALDOCK, BRORBY, and MURPHY, Circuit Judges.

    Plaintiff-Appellee Rhoades Oil Company (taxpayer) is engaged in the exploration

for and production of oil and gas. On audit, the Internal Revenue Service (IRS)

determined that taxpayer was subject to personal holding company tax under 26 U.S.C.

§ 541 for the years 1988, 1989, and 1990, in the amounts of $101,053, $163,188, and

$144,392 respectively. Taxpayer paid the additional tax and filed a claim for refund. The

IRS failed to act on the refund and taxpayer brought suit in federal district court and

---

    * This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

prevailed. The government appeals from summary judgment granted in favor of taxpayer. Our jurisdiction arises under 28 U.S.C.§ 1291 and we reverse.

The facts are stipulated and undisputed. The narrow issue of law before us is whether lifting or production costs incurred by an oil producer are properly excluded from gross income in calculating "adjusted ordinary gross income" for personal holding company tax purposes. See 26 U.S.C. §§ 542(a)(1); 543(b)(2)(B). If so, more than 60% of the taxpayer's adjusted ordinary gross income is "personal holding company income," 26 U.S.C. §543(a), and the tax is properly imposed in this case. The taxpayer concedes that the other requirement for imposition of the tax, namely the stock ownership requirement of 26 U.S.C. §542(a)(2) is met.

We have carefully reviewed the submissions of the parties, and we are persuaded that lifting costs are analogous to costs of goods sold and properly excluded in arriving at gross income, and hence adjusted ordinary gross income, for purposes of the personal holding company tax. See Laguna Royalty Co. v. Commissioner, 27 T.C.M. (CCH) 164 (1968), aff'd 406 F.2d 703 (5th Cir. 1969); Rev. Rul. 60-344, 1960-2 C.B. 186. "Gross income" includes "[g]ross income derived from business," 26 U.S.C. § 61(a)(2), and the general rule is that "'gross income' means "the total sales less the costs of goods sold." 26 C.F.R. § 1.61-3(a) (applying general definition to manufacturing, merchandising or mining businesses). See also § 1.542-2 (cross-referencing 26 U.S.C. § 61 and 26 C.F.R. §§ 1.61.1 to 1.61-14 in defining gross income for personal holding company tax purposes

2

and stating "[u]nder such provisions gross income is not necessarily synonymous with gross receipts").  The fact that "gross income from the property" may be defined in a different fashion elsewhere in the Code or Treasury Regulations for purposes of depletion, <u>see</u> 26 C.F.R § 1.613-3 (definition for purposes of 26 U.S.C. §613(c)), does not address the issue before us.  <u>See</u> <u>Laguna Royalty Co.</u>, 27 T.C.M. (CCH) at __, 1968 WL 1158 at *3-4.  We conclude that the IRS's position is supported by the regulations relied upon and is reasonable; hence, we may not disregard it.  <u>National Muffler Dealers Ass'n v. United States</u>, 440 U.S. 472, 484 (1979).

REVERSED.

Entered for the Court,


Bobby R. Baldock
Circuit Judge

3